Argued and submitted March 27, affirmed September 4, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## VERNON DEWAYNE MOFFAT,
*Appellant.*

(T2694C; CA A66063)

816 P2d 714

Frederick S. Carman, Hillsboro, argued the cause for appellant. With him on the brief was Karpstein & Verhulst, Hillsboro.

Yuanxing Chen, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals from a conviction for driving under the influence of intoxicants. ORS 813.010. He assigns as error the denial of his motion to suppress. We affirm.

The arresting officer saw defendant's car attempting to enter a public street from an "enter only" driveway of a bank. The officer pulled into the bank driveway and extended his hand out of his car's window in a "palm-opened fashion." He informed defendant that he was leaving from an "enter only" driveway. The officer testified that he stopped defendant only to impart that information and that the stop was unrelated to any investigatory purpose. No traffic offense had occurred. As a result of the conversation and defendant's actions, the officer formed a reasonable suspicion that defendant was driving while under the influence and stopped him again minutes later.

Defendant argues that the initial stop violated ORS 131.615(1).[1] Under *State v. Holmes,* 311 Or 400, 813 P2d 28 (1991), and *State v. Gerrish,* 311 Or 506, 815 P2d 1244 (1991), no seizure of defendant occurred at that time. Therefore, no violation of ORS 131.615(1) occurred.

Defendant's other argument does not warrant discussion.

Affirmed.

---

[1] ORS 131.615(1) provides:

"A peace officer who reasonably suspects that a person has committed a crime may stop the person and after informing the person that the peace officer is a peace officer, make a reasonable inquiry."